THE STATE OF NEW JERSEY. LLOYD WILLIAMS, RELATOR, v. BERNARD GODFREY, RESPONDENT.

Submitted October term, 1932—Decided April 15, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the rule, *William I. Garrison.*

*Contra, Thompson & Hanstein.*

PER CURIAM.

The so-called relator, Lloyd Williams, filed a petition for leave to file an information in the nature of a writ of *quo warranto*, to be exhibited against the respondent, Bernard Godfrey, to show by what authority he claims to hold the office of township committeeman of the township of Egg Harbor, in the county of Atlantic, and a rule was entered directing the respondent to show cause why such information should not issue, and why leave to file the same should not be granted.

The case made by the petition is that the petitioner, Williams, at the general election held in the township of Egg Harbor, in November, 1930, was elected to the office of township committeeman; that he duly qualified, and performed the duties of the office until June 6th, 1932, when the township committee adopted a resolution removing him from office, and elected the respondent to fill the vacancy thereby resulting; and that said respondent has ever since usurped, intruded into and unlawfully held and exercised said office to the exclusion of the petitioner. The resolution vacated the office held by petitioner because of his alleged non-residence. Testimony was taken pursuant to the authority granted by the rule to show cause. Petitioner insisted that the finding of non-residence, upon which the resolution vacating the office was predicated, was not based upon fact; and that he was then, and had been during his term of office, a resident of the township.

Counsel for petitioner contends (1) that the township committee had no authority or right to declare the office vacant; and (2) that if it did have such authority, the resolution was illegal and void, in that the proceedings were without notice to the petitioner, who was not afforded an opportunity to be heard in opposition thereto, and that the finding of non-residence was not based upon fact, and that therefore he "still remains a member of the township committee, and has never ceased to be such officer, and therefore the said Bernard Godfrey is an intruder having no right to the said office."

Petitioner apparently proceeded under section 1 of the *Quo Warranto* act. 3 *Comp. Stat., p.* 4210. The cause was entitled in the name of the State of New Jersey, and leave to file the information is sought. Section 4 of the act provides that upon allegation that "any person usurps, intrudes into or unlawfully holds or executes any municipal office, * * * any citizen of this state, who believes himself lawfully entitled to such office, may, as relator, file in the office of the clerk of the Supreme Court an information in the nature of a *quo warranto,* against such person * * *."

In the situation here existing, where both parties are claiming title to a municipal office, petitioner's remedy is under section 4 of the act, and under this section leave to file an information is not necessary. Section 1 applies only to cases where the relator, as a taxpayer and resident, seeks to conserve the public good and convenience. *McGuire* v. *De Muro,* 98 *N. J. L.* 684 (at *p.* 688) ; 121 *Atl. Rep.* 739; *Anderson* v. *Myers,* 77 *N. J. L.* 186 ; 71 *Atl. Rep.* 139.

The application will therefore be denied, with costs, but without prejudice to the filing of an information under section 4.